THOMAS KIRKLAND ET AL. *v.* JOHN W. BURTON.

[Abstract Kentucky Law Reporter, Vol. 2—319.]

**Principal and Surety.**

A surety who has not paid his principal's debt is not entitled to foreclose a mortgage held to indemnify him against loss.

**Release of Surety on Replevin Bond.**

Where no execution is issued on a replevin bond for nearly two years after its execution, the surety is released from all responsibility.

APPEAL FROM WASHINGTON CIRCUIT COURT.

March 2, 1881.

OPINION BY JUDGE PRYOR:

While Burton was entitled to the benefit of the execution, etc., he could not be substituted to the rights of Phelps, as the latter

had incurred no liability for Kirkland that would authorize him to foreclose the mortgage. Phelps having become the surety of Kirkland, the latter, in order to indemnify him as such, executed the mortgage on the land adjudged to be sold. The surety never paid the debt for which he was liable, nor any part of it; and, the writing evidencing this liability being a replevin bond, and no execution having issued on it for nearly two years after its execution, the surety was released from all responsibility; and if Phelps could not enforce this mortgage lien, it necessarily follows that the sheriff who paid off the debt can not.

Besides, the liability of Phelps originated long after the passage of the act creating the homestead, and the liability of the sheriff long subsequent to the execution of the bond by Phelps, so in either state of case the appellant was entitled to a homestead.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*L. R. Thurman, A. Duvall, for appellants.*

*R. J. Brown, for appellee.*